TRULINCS 42310080 - BALLOW, HARRIS DEMPSEY - Unit: THP-A-B

---

FROM: 42310080
TO:
SUBJECT: COMPLAINT 1
DATE: 01/04/2020 09:08:22 AM

**FILED JAN 14 2020 U.S. CLERK'S OFFICE INDIANAPOLIS, INDIANA**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

HARRIS DEMPSEY BALLOW
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE IN 47808,

PLAINTIFF

2:20-cv-18 JPH-DLP

vs          CV NO._____          CIVIL COMPLAINT/JURY DEMAND

MARIA DEL SOCORRO FLORES LIERA,
DEL SUBSEBRETARIO DE RELACIONES EXTERIORES Y DEL SUBSECRETARIO PARA AMERICA DEL NORTE (MEXCIO);

DEL SECRETARIO DE RELACIONES EXTERIORES (MEXICO);

PROCURADURIA GENERAL DE LA REPUBLICA (MEXICO),

DEFENDANTS.

CIVIL COMPLAINT

PLAINTIFF HARRIS DEMPSEY BALLOW PRO SE CIVIL COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF FOR THE DEFENDANT'S VIOLATIONS OF THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT, TITLE 18 U.S.C. SECTION 1964 (18 U.S.C. SECTIONS 1961 ET SEQ.) (HEREINAFTER "RICO"). TRIAL BY JURY IS DEMANDED.

TRULINCS 42310080 - BALLOW, HARRIS DEMPSEY - Unit: THP-A-B

---

FROM: 42310080
TO:
SUBJECT: COMPLAINT 2
DATE: 01/04/2020 12:42:47 PM

*FILED*
*JAN 14 2020*
*U.S. CLERK'S OFFICE*
*INDIANAPOLIS, INDIANA*

COMES NOW, Harris Dempsey Ballow (PLAINTIFF) who hereby sues the above named DEFENDANTS, as duly indentified infra in their various capacities pursuant to RICO act and hereby seeks monetary damages in conjunction with specific Declaratory relief. In support thereof, Plaintiff Harris Dempsey Ballow will state as follows:

JURISDICTION

1. This Honorable Court has the requisite jurisdiction over the instant subject matter pursuant to Title 18 U.S.C. Section 1964(c), 18 U.S.C. Sections 1961 et seq.

VENUE

2. Plaintiff Harris Dempsey Ballow asserts venue is appropriate within the Southern District of Indiana, as the Plaintiff is damaged in his business and property while residing in the Southern District of Indiana at FCC Terre Haute and the Enterprise did conduct the affairs of Enterprise within the Southern District of Indiana, Title 18 U.S.C. Section 1965.

PARTIES: THE PLAINTIFF

3. The Plaintiff, Harris Dempsey Ballow is a citizen of the United States of America presently in custody of the Federal Bureau of Prisons, specifically USP Terre Haute In 47808 executing a Judgment in a Criminal Case. At all times relevant to this civil complaint the Plaintiff is in a sound state of mind, competent, and able to present the facts as occurred.

THE DEFENDANTS

4. Defendant MARIA DEL SOCORRO FLORES LIERA (hereinafter "Defendant LIERA") is at all times relevant to this complaint the individual person occupying the official position of the Under Secretary of Foreign Relations and Under Secretary for North America for the United Mexican States (MEXICO) in 2017. She is sued in her personal capacity. This Defendant is part of the group and enterprise indentified in this complaint as "Mexican Official Defendants".

5. Defendant DEL SECRETARIO DE RELACIONES EXTERIORES (hereinafter "Defendant SECRETARIO") is at all times relevant to this complaint the person occupying the official position of Secretary of Foreign Relations for the United Mexican States (MEXICO) in 2017. He or she is sued in his or her personal capacity. This Defendant is part of the group and enterprise indentified in this complaint as "Mexican Official Defendants".

6. Defendant PROCURADURIA GENERAL DE LA REPUBLICA (herein after "Defendant Procuraduria") is at all times relevant to this complaint the person occupying the official position of the Attorney General of the Republic for the United Mexican States. He or she is sued in his or her personal capacity. This Defendant is part of the group and enterprise indentified in this complaint as "Mexican Official Defendants".

COUNT 1

7. The Plaintiff adopts by reference paragraphs 1-6 herein above as written in this Count 1. (see: R. 10(c), F.R.Civ.P.)

8. United States Officials and the Mexican Official Defendants formed and participated in an Enterprise as defined in Title 18 U.S.C. Section 1961, in their personal capacities which engaged in a pattern of Racketeering Activity for the purposes of violating the Treaty of Extradition USA-Mexico (31 U.S.T. 5059); Title 18 U.S.C. Section 3192; and the Due Process and Equal Protection Clauses of the Constitution of the United States of America. The United States Officials and the Mexican Official Defendants, the Enterprise, committed hundreds of violations of Title 18 U.S.C. Sections 1341; 1343; 1512(c); 1952(a)(1)(3), from January 2010 until present with the Plaintiff victim of the conduct of the Enterprise that damaged and is damaging the Plaintiff in his business and property and effecting interstate and foreign commerce, transcending international boarders and boundaries from 2010 until present.

9. The Enterprise consisted of the United States Officials, the Mexican Officials Defendants and OTHERS, as of yet unknown to the Plaintiff, within their respective official governmental command structures. The Enterprise had a common purpose, that being to violate the Plaintiff's rights pursuant to Title 18 U.S.C. Section 3192, the Treaty of Extradition USA-Mexico (31 U.S.T.

TRULINCS 42310080 - BALLOW, HARRIS DEMPSEY - Unit: THP-A-B
--------------------------------------------------------------------------------

5059), and the Due Process and Equal Protection Clauses of the Constitution of the United States of America. The relationship between the United States Officials and the Mexican Official Defendants was one with the United States Officials in command and the Mexican Officials Defendants subordinate. The Enterprise began in approximately January 2010 and continues until present. The Enterprise, through a pattern of racketeering, activity used and affected interstate and foreign commerce as it utilized international telephone and internet electronic communications hundreds of times to further their illicit agreement to violate the Plaintiff's rights pursuant to Title 18 U.S.C. Section 3192, 31 U.S.T. 5059, and the Due Process and Equal Protection Clauses of the Constitution of the United states of American, specifically but not limited to telephone and electronic communications directly from the Mexican Officials Defendants to the United States Officials and up and down the official command structures of all Defendants including OTHERS as of yet unknown to the Plaintiff.

10. The Enterprise was created by the United States Officials and the Mexican Official defendants fraudulently to accomplish the racketeering activity in their individual and personal capacities using their official positions of authority and power within their respective governments to facilitated the purpose of the enterprise and further their schemes to violate the rights of the Plaintiff pursuant to Title 18 U.S.C. Section 3192, 31 U.S.T. 5059, and the Due Process and Equal Protection Clauses of the Constitution of the United States of America.

11. The Plaintiff was and remains damaged in his business and his property as a result of and caused by the enterprise violating Title 18 U.S.C. Sections 1961 et seq.

12. The Defendants, as part of the operation of the Enterprise did, with United States Officials, alter, conceal records, documents and other objects with intent to impair the records, documents and other objects integrity and/or availability for use in and official proceeding, thereby impeding said official proceeding namely the federal criminal case, United States v Ballow, No. H-10-494 (S.D. TX).

13. The Defendants, as part of the operation of the Enterprise with United States Officials did travel in interstate and internationally, effecting interstate and international (foreign) commerce, use the mail, the internet, diplomatic cables, and other facilities in interstate and international commerce with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carry on unlawful acting, specifically but not limited to, the violation of Title 18 U.S.C. Section 3192, 31 U.S.T. 5059, and the Due Process and Equal Protection Clauses of the Constitution of the United States of America and thereafter, performed or attempted to perform said unlawful acts, until present, in violation of Title 18 U.S.C. Sections 1343 and 1952(a)(1).

14. The Defendants, as part of the operation of the Enterprise with United States Officials, beginning in 2010 until present, did intend to devise and devised a scheme or artifice to defraud, for the propose of concealing the Enterprise documents and records across international (foreign) boarders and interstate Boarders to impede an official proceeding, namely U.S. v Ballow, No. H-10-494 (S.D. TX), and as explained herein above, by means of false, fraudulent pretenses, did transmit or cause to be transmitted by means of wire in interstate and international commerce writings, signs, signals, pictures and/or sounds for the purpose of executing said scheme or artifice and the Enterprise, in violation of Title 18 U.S.C. Sections 1512(c) and 1343.

15. The Defendants, as part of the operation of the Enterprise with United States Officials beginning in 2010 until present did devise a scheme or artifice to defraud for the propose of violating the Plaintiff's rights pursuant to Title 18 U.S.C. Section 3192, 31 U.S.T. 5059, and the Due Process and Equal Protection Clauses (U.S. Const.) did cause to be placed in a Post Office Authorized Depository any matter or thing to be delivered by the Post Office in interstate and international commerce, from Washington D.C. to Houston Texas to Mexico City Mexico to Terre Haute Indiana (in any particular order or combination hereof), in violation of Title 18 U.S.C. Section 1343.

16. The commission of the acts in connection with the operation of the enterprise as alleged caused damage to the Plaintiff in his business and property by violation of Title 18 U.S.C. Section 1962. The Enterprise was formed in approximately June 2010 and exists until present.

17. United States Officials and the Mexican Official Defendants as part of the operation of the Enterprise did, with intent to impair the availability of these official records and other objects namely, the official extradition records and communication records revealing the intentional violations of the Plaintiff's rights pursuant to Title 18 U.S.C. Sections 3192, 31 U.S.T. 5059, and the Due process and Equal Protection Clauses of the Constitution of the United States of America, the Enterprise throughout its ongoing existence through false testimony and officially submitted, using the nation wide federal courts ECF system, false and fraudulent documents and records into an official proceeding (US v Ballow, supra.), the purpose of this illicit agreement and formation of the Enterprise was to violate the Plaintiff's rights pursuant to Title 18 U.S.C. Section 3192, 31 U.S.T. 5059, and the Due Process and Equal Protection Clauses (U.S. Const.) resulting in the life imprisonment of the Plaintiff in a United States federal prison without the jurisdiction to have ever tried, detained, or punished the Plaintiff. In violation of Title 18 U.S.C.

TRULINCS 42310080 - BALLOW, HARRIS DEMPSEY - Unit: THP-A-B

---

Sections 1961 et seq.

COUNT 2

18. The Plaintiff, adopts and incorporates paragraphs 1- 17 herein according to Rule 10 (F.R.Civ.P.).

19. The Defendants did knowingly and intentionally conspire between themselves, United States Officials as of yet unknown to the Plaintiff and OTHERS to violate RICO. The Defendants, between themselves, United States Officials and OTHERS did enter into an illicit agreement to violate the substantive RICO provisions as alleged herein above.

20. The Defendants, United States Officials and OTHERS as of yet unknown to the Plaintiff, did aid and abet and cause each other to violate the substantive RICO provisions as alleged herein and aided, abetted, and caused each other to conspire to violate the RICO provisions as alleged herein above. All in violation of Title 18 U.S.C. Sections 1961 et seq., with the predicate acts being violations of Title 18 U.S.C. Sections 2; 1341; 1343; 1512(c); 1952(a); 3192; 31 U.S.T. 5059; and the Due Process and Equal Protection Clauses of the Constitution of the United States of America from 2010 until present.

DECLARATORY JUDGMENT

20. The Plaintiff seeks a Declaratory Judgment against all Defendants in accordance with Rule 57 of the Federal Rules of Civil Procedure.

DAMAGES DEMAND

21. The Plaintiff has been damaged in his business and property in the amount of not less that $100,000,000.00 (U.S. dollars).

22. The Plaintiff, Harris Dempsey Ballow has sustained specific damages to his person and in his business and property and demands punitive, compensatory and special damages as follows:

a) $105,000,000.00 US dollars compensatory damages from each defendant named herein; and

b) $100,000,000.00 US dollars punitive damages from each defendant named herein; and

c) $50,000,000.00 US dollars in special damages from each defendant named herein; and

d) In accordance with Title 18 U.S.C. Section 1964 the total damages to be treble; and

e) any additional relief in accordance with the laws and Constitution of the United States of America.

I, the undersigned hereby certify under penalty of perjury the foregoing is true to the best of my knowledge.

Respectfully Submitted,

*Harris Dempsey Ballow*
Harris Dempsey Ballow, Plaintiff, pro se.