UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HARRIS DEMPSEY BALLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00018-JPH-DLP |
| | ) |
| MARIA DEL SOCORRO FLORES LIERA, | ) |
| DEL SUBSEBRETARIO DEL | ) |
| RELACIONES EXTERIORES Y DEL | ) |
| SUBSECRETARIO PARA AMERICA DEL | ) |
| NORTE Mexico, | ) |
| DEL SECRETARIO DEL RELACIONES | ) |
| EXTERIORES Mexico, | ) |
| PROCURADURIA GENERAL DE LA | ) |
| REPUBLICA Mexico, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DISMISSING DEFICIENT CLAIM**

Plaintiff Harris Dempsey Ballow alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act. Dkt. 1. He has paid his initial filing fee. Dkt. 6.

**I. Screening Standard**

Because Mr. Ballow is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain

1

statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds them to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Dismissal of Mr. Ballow's Complaint

Mr. Ballow has brought his claims under the private enforcement mechanism of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Specifically, Mr. Ballow alleges that Defendants submitted "fraudulent documents" in a different case and used "false, fraudulent pretenses" when transmitting these documents. Dkt. 1 ¶¶ 14, 17.

Allegations of fraud in a civil RICO complaint must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 341 (7th Cir. 2019). Pleading with particularity means alleging "the who, what, when, where, and how" of the alleged fraud. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012). At a minimum, a plaintiff must describe the "predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations."

2

*Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Since RICO liability is limited to defendants who have "personally committed" prohibited acts, a plaintiff must describe predicate acts of fraud "by each RICO Defendant with some specificity." *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671, 684 (N.D. Ill. 2012); *see id.* at 597-98.

Mr. Ballow's complaint falls short of this standard. He does not allege the time, place, and content of any fraudulent representations. Nor has he alleged any facts describing how each of the defendants personally committed those misrepresentations. Indeed, his complaint only identifies one defendant by name; the remaining defendants are identified by their title, such as the "Secretary of Foreign Relations." Dkt. 1 ¶ 5. In total, the complaint does not allege fraud with particularity. Therefore, Mr. Ballow's complaint is **DISMISSED.**

### III. Opportunity to Show Cause

Mr. Ballow shall have **through March 23, 2020**, in which to show cause why judgment consistent with this Entry should not Enter. Failure to respond to this Entry will result in the dismissal of this action without further notice. **SO ORDERED**.

Date: 2/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HARRIS DEMPSEY BALLOW
42310080
TERRE HAUTE - USP

3

TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808