UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HARRIS DEMPSEY BALLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00018-JPH-DLP |
| | ) |
| MARIA DEL SOCORRO FLORES LIERA, | ) |
| DEL SUBSEBRETARIO DEL | ) |
| RELACIONES EXTERIORES Y DEL | ) |
| SUBSECRETARIO PARA AMERICA DEL | ) |
| NORTE Mexico, | ) |
| DEL SECRETARIO DEL RELACIONES | ) |
| EXTERIORES Mexico, | ) |
| PROCURADURIA GENERAL DE LA | ) |
| REPUBLICA Mexico, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING CASE**

Plaintiff Harris Dempsey Ballow alleges violations of the Racketeer Influenced and Corrupt Organizations Act. Dkt. 1. The Court screened his initial complaint as required by 28 U.S.C. § 1915A(b), dismissing his claim because he did not plead it with particularity under Federal Rule of Civil Procedure 9(b). Dkt. 8. The Court gave Mr. Ballow through March 23, 2020 to show cause why the Court should not enter judgment. *Id.* at 3. Mr. Ballow responded with an amended complaint, dkt. 10, which the Court screens as required by 28 U.S.C. § 1915A(b).

I. **Screening Standard**

Under 28 U.S.C. § 1915A(b), the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Ballow alleges in his amended complaint that Defendant Maria Del Socorro Flores Liera violated the Racketeer Influenced and Corrupt Organizations Act. Dkt. 10 at 1. He alleges that Defendant was intentionally deceptive in conspiring to violate his rights under the extradition treaty between the United Mexican States and the United States of America. *Id.* at 2–3. That resulted in Mr. Ballow being deprived of his "already solidified rights . . . including immunity from detention, trial and punishment." *Id.* at 3. Mr. Ballow seeks an unspecified declaratory judgment and money damages of at least $105 million. *Id.* at 5.

2

### III.     Discussion of Claims

Mr. Ballow's amended complaint and its appendix make clear that Mr. Ballow is challenging the extradition that led to his conviction and life sentence. Dkt. 10 at 4, 8, 52–56. However, challenges to the extradition process are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a civil judgment in a plaintiff's favor if that judgment would imply the invalidity of his conviction or sentence:

> In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held (so far as relates to this case) that a person who has been convicted of a crime cannot seek damages or other relief under federal law (as in a suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) for violation of his rights by officers who participated in the investigation or prosecution of the criminal charge, if 'a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence.'

*Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 487).

As the Seventh Circuit has explained, *Heck* applies to civil challenges to extradition processes that underlie a conviction because a plaintiff must show a deprivation of rights in order to prevail in the civil action. *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). Here, as in the typical case, the alleged deprivation of rights is the detention and sentence that Mr. Ballow received for the charges he was extradited on. *See* dkt. 10 at 4, 8, 52–56. Awarding damages for that alleged deprivation would therefore necessarily imply the invalidity of his sentence, which squarely invokes *Heck*. *Knowlin*,

207 F.3d at 909. The Seventh Circuit has therefore consistently found that challenges to extradition procedures are *Heck* barred. *E.g. Lee v. Clinton*, 793 Fed. App'x 443, 444 (7th Cir. 2020); *Scheurich v. Champaign Cty. Sheriff's Ofc.*, 736 Fed. App'x 147, 148–49 (7th Cir. 2018).

Therefore, to proceed in this case, Mr. Ballow must first show that he has successfully challenged his underlying conviction or sentence. *See Lee*, 793 Fed. App'x at 444. The complaint does not allege that he has done so, so the *Heck* bar applies.

Mr. Ballow's amended complaint therefore must be dismissed. He **SHALL HAVE through May 4, 2020** to file a second amended complaint or show cause why this case should not be dismissed. If he does not do so, the Court will dismiss this case without prejudice without further notice.

**SO ORDERED.**

Date: 3/24/2020

                                                      James Patrick Hanlon
                                                      United States District Judge
                                                      Southern District of Indiana

Distribution:

HARRIS DEMPSEY BALLOW
42310080
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

4